UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE ROY DUCKETT,

        Petitioner,

v.                                          Case Number 08-14852-BC
                                          Honorable Thomas L. Ludington

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

    Petitioner Lawrence Roy Duckett, a Michigan prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, following a jury trial in the Oakland County Circuit Court and was sentenced as a habitual offender, third offense, to 10-to-25 years imprisonment, Mich. Comp. Laws § 769.11. In his application, he contends that the prosecutor knowingly presented perjured testimony during his trial, and challenges the Court's decision to deny the jury's request to view a video of the incident and the effectiveness of trial and appellate counsel. The claims lack merit and the petition will be denied. A certificate of appealability and leave to proceed in forma pauperis on appeal will also be denied.

I.

    Petitioner's conviction arises from the robbery of a White Castle restaurant in Ferndale, Michigan on August 30, 2004. The Michigan Court of Appeals set forth the underlying facts of the

case, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> On August 30, 2004, defendant entered a White Castle restaurant and demanded that the cashier, Cheavon Kirk, put money from her cash register into a paper bag. Kirk testified that defendant, who was wearing a jacket, made a gesture with his right hand to his left side. According to Kirk, defendant then lifted his T-shirt and, in defendant's waistband, Kirk saw what she believed to be the handle of a revolver. Kirk testified that defendant "just lifted up enough for me to know to hurry up to put the money in the bag," and she complied with defendant's demand.
>
> Macra Taylor, the restaurant manager, testified that she saw defendant at the cash register, but could not see his belt line. Taylor assumed that defendant had a gun when she saw his right hand in his jacket. She also testified that defendant took the right hand out of the jacket to flick or pull the right side of his jacket around his hip. Nataki Garrison testified that she could see defendant from her position behind Kirk, but did not see him do anything with his hands, though his right hand appeared to be inside his jacket. Garrison assumed that defendant might have a gun in his right hand, but she did not see a gun. Leon DeLeon testified that he saw defendant holding the paper bag with his left hand, but could not see his right hand.
>
> At trial, defendant did not dispute that he took the money from Kirk, but claimed that he did not possess a weapon or use force. Instead, defendant maintains that he simply told Kirk to put the money in the bag. It is undisputed that, after he took the money, defendant fled from the restaurant and was apprehended by the police. The police did not find a weapon on defendant when he was arrested, but the police recovered the bag containing some of the money. Other money apparently dropped out of the bag as defendant fled the restaurant.

*People v. Duckett*, No. 260311, 2006 WL 1751855, at *1 (Mich. Ct. App. June 27, 2006) (per curiam).

After his conviction and sentencing, Petitioner, through counsel, filed an appeal of right with the Michigan Court of Appeals, raising claims concerning a supplemental jury instruction addressing the armed robbery charge and the effectiveness of trial counsel for agreeing to it. He also filed a pro se supplemental brief raising claims concerning the failure to play a video recording of the incident for the jury and the effectiveness of trial counsel for failing to object. The Michigan Court of

Appeals denied relief on the claims and affirmed Petitioner's conviction. *Id.* Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Duckett*, 722 N.W.2d 869 (Mich. 2006).

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that trial counsel was ineffective for failing to impeach Cheavon Kirk with her prior inconsistent statements and for failing to make timely objections at trial, that appellate counsel was ineffective for not raising those issues on direct appeal, and that the trial court's supplemental jury instruction violated his due process rights and trial counsel was ineffective for agreeing to it. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3)(a) and (b)(i) finding that Petitioner had failed to establish cause and prejudice. *People v. Duckett*, No. 04-198351-FC (Oakland Co. Cir. Ct. Dec. 11, 2007) (unpublished). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Duckett*, No. 283311 (Mich. Ct. App. April 25, 2008) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Duckett*, 482 Mich. 1030, 769 N.W.2d 194 (2008).

Petitioner thereafter filed the present habeas petition asserting the following claims:

I.  He was denied due process by the prosecutor's presentation of false testimony of Cheavon Kirk.

II. He was denied due process by the trial court's refusal to allow the deliberating jury to view the actual recording of the surveillance video that was available.

III. He was denied the effective assistance of trial counsel where counsel failed to represent him in the manner required by law.

  IV.  He was denied the effective assistance of appellate counsel on direct appeal.

The respondent, through the Attorney General's Office, has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default and/or lack merit. Petitioner has filed a reply.

II.

  The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

  As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.1996) (stating that "[t]he

court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court further explained that:

> an unreasonable application of federal law is different from an incorrect application of federal law.  Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than de novo review.  AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, _ U.S. _ 130 S. Ct. 1855, 1862, 1864-65 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its [questions] were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the

foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).

### III.

As an initial matter, the respondent contends that several of Petitioner's habeas claims are barred by procedural default. "Federal Courts [on habeas review] are not required to address a procedural-default issue before deciding against Petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. Petitioner's claims lack merit and the procedural issues are complex. Accordingly, the Court will proceed on the merits of the habeas claims and need not resolve the procedural default issues.

IV.

A.

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented false testimony from Cheavon Kirk regarding Petitioner's possession of a gun and his appearance. In particular, he contests the differences between her preliminary examination testimony that she had seen guns more than 100 times and her later preliminary examination testimony that she had seen revolvers five or six times, her initial preliminary examination testimony that Petitioner was wearing a white t-shirt and her later preliminary examination testimony that he was wearing an orange shirt or jacket over a white t-shirt, and her initial trial testimony describing the incident in which she did not mention a weapon with her follow-up testimony that Petitioner was armed with a gun. Petitioner did not raise this specific claim before the state courts – rather he asserted that counsel was ineffective for failing to impeach Kirk with her prior testimony. Because the state courts have not addressed this claim, the Court's review of the issue is *de novo*. *See Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010) (when a state court fails to consider an issue or does not specifically address whether the alleged error constitutes a denial of federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review is *de novo*); *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

The United States Supreme Court has made clear that the "deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972). It is thus well-settled that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must

be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (footnote omitted); *see also Napue v. Illinois*, 360 U.S. 264, 271 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). A habeas petitioner bears the burden of proving that the disputed testimony constituted perjury. *Napue*, 360 U.S. at 270. To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew that the statements were false. *Coe*, 161 F.3d at 343.

     Petitioner has made no such showing. He has failed to establish that Kirk's testimony was false, rather than merely inconsistent or a clarification or supplementation of her prior testimony. The fact that a witness contradicts herself or changes her story does not establish perjury. *See United States v. Wolny*, 133 F.3d 758, 763 (10th Cir. 1998); *United States v. Lebon*, 4 F.3d 1, 2 (1st Cir. 1993). More importantly, Petitioner has not identified facts which show that the prosecutor knowingly presented false information. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). While Kirk's testimony was certainly material, Petitioner has not shown that her testimony was false or that the prosecution knowingly presented false testimony. Habeas relief is not warranted on this claim.

B.

Petitioner next asserts that he is entitled to habeas relief because the trial court admitted the CD or DVD of the surveillance video recording, but denied the jury's request to play the recording. The record indicates that the police viewed the recording at the restaurant and obtained still photographs from the recording. The record also shows that defense counsel and Petitioner viewed the recording prior to the second preliminary examination. *See* 9/16/04 Tr., pp. 3, 8. At trial, Ferndale Police Officer Patrick Lemke described what he saw on the recording, stating that it showed Petitioner's right hand moving to the left side of his body. The trial court also admitted still photographs from the video recording. Cheavon Kirk identified one photograph as depicting Petitioner reaching into his jacket. On cross-examination, Petitioner admitted that he appeared to be reaching into his jacket in the photograph. During deliberations, the jury asked to view the recording, but the trial court denied the request because it did not have the proper equipment to play the recording. Defense counsel did not object to the admission of CD/DVD and the still photographs and accepted the trial court's instruction to the jury.

The Michigan Court of Appeals denied relief on this claim finding that Petitioner had waived the issue by failing to object to the admission of the CD/DVD without it being played and by agreeing to the trial court's response to the jury denying the request to view the recording. *Duckett*, 2006 WL 1751855 at *3. The court further concluded that trial counsel was not ineffective in this regard because Petitioner had not demonstrated that the refusal to play the recording shifted the burden of proof to the defense or deprived him of a substantial defense. *Id.* at *3-4. To the extent that the Michigan Court of Appeals addressed the merits of this issue, its decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law. Furthermore, even

under a de novo standard of review, Petitioner is not entitled to relief as this claim lacks merit.

Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). While the right of the accused to present a defense has long been recognized as "a fundamental element of due process, " *Washington v. Texas*, 388 U.S. 14, 19 (1967), that right is not unlimited and may be subject to reasonable restrictions. *See United States v. Scheffer*, 523 U.S. 303, 308 (1998). As explained by the Supreme Court, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) (citations omitted). Excluded evidence violates the right to present a defense only if the exclusion is arbitrary or disproportionate or infringes on a weighty interest of the defendant. *Scheffer*, 523 U.S. at 308. In determining whether the exclusion of evidence infringes upon a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result. Rather, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

Additionally, the failure to preserve potentially useful evidence constitutes a denial of due process only if the defendant can show bad faith by the government. *See Arizona v. Youngblood*,

488 U.S. 51, 57-58 (1988); *see also Illinois v. Fisher*, 540 U.S. 544, 548 (2004) (per curiam). When the government fails to preserve evidentiary material, a defendant must show that: (1) the government acted in bad faith in failing to preserve the evidence; (2) the exculpatory value of the evidence was apparent before its destruction; and (3) the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means. *Monzo v. Edwards*, 281 F.3d 568, 580 (6th Cir. 2002). A habeas petitioner has the burden of establishing that the police acted in bad faith in failing to preserve evidence. *See Malcum v. Burt*, 276 F. Supp. 2d 664, 683 (E.D. Mich. 2003). The mere fact that the police had control over evidence and failed to preserve it is insufficient by itself to establish bad faith, nor will bad faith be found in the negligent failure to preserve evidence. *Id*. Thus, "where the government is negligent, even grossly negligent, in failing to preserve potential exculpatory evidence, the bad faith requirement is not satisfied." *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001).

In this case, the record is devoid of evidence that the police or prosecution acted in bad faith – a necessary requirement to establish a constitutional violation – by not being able to play the video recording for the jury. Second, the video recording, while relevant, was not exculpatory as to the charged offense, according to the testimony presented at trial. Third, given that the police officer described the video recording, that defense counsel and Petitioner had the opportunity to view the recording prior to trial, and that still photographs of the recording were admitted into evidence, the defense was able to criticize the recording and related evidence. Given such circumstances, Petitioner has failed to establish a constitutional violation. He has not shown that the failure to play the video recording for the jury deprived him of a substantial defense or otherwise rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

C.

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to impeach Cheavon Kirk with her allegedly false testimony and/or prior inconsistent statements and because trial counsel was ineffective for failing to object to the trial court's handling of the video recording.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to

undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner first asserts that trial counsel was ineffective for failing to properly impeach Cheavon Kirk. As discussed *supra*, however, Petitioner has not shown that Kirk's testimony was false or necessarily inconsistent. Rather, the record reveals that she merely clarified or supplemented her testimony in response to questions from counsel. Furthermore, the record shows that defense counsel did cross-examine Kirk about her version of events, including her familiarity with guns, her observations of Petitioner, and her actions at the time of the robbery. Impeachment is a matter of trial strategy, and counsel will not be deemed ineffective merely because it appears, in hindsight, that other tactics may have been effective as well. *See, e.g.*, *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). Petitioner has failed to establish that defense counsel erred or that he was prejudiced by counsel's conduct in questioning Cheavon Kirk.

Petitioner also asserts that trial counsel was ineffective for failing to object to the trial court's handling of the video recording of the robbery. As noted, the Michigan Court of Appeals denied relief on this claim finding that Petitioner had not demonstrated that trial counsel was ineffective. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The record reveals that the video recording was unavailable at the time of trial due to technical difficulties. Defense counsel may have reasonably determined that it was beneficial to the defense to accept that fact and to instead challenge the trial testimony and the still photographs which could allow for some argument as to whether Petitioner was armed during the robbery.

Moreover, Petitioner has not shown that the admission of the CD/DVD without playing the video recording, along with the admission of the related testimony and still photographs, deprived him of a substantial defense or rendered his trial fundamentally unfair. Consequently, Petitioner cannot establish that defense counsel erred and/or that he was prejudiced by counsel's conduct. Petitioner has not shown that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

D.

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal. In order to establish ineffective assistance of appellate counsel, Petitioner must satisfy the *Strickland* standard and show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *See Strickland*, 466 U.S. at 687. However, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored

issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

In this case, Petitioner has failed to show that by omitting the claims presented in his motion for relief from judgment (and on habeas review) appellate counsel's performance fell outside the wide range of professionally competent assistance. Moreover, given that the foregoing claims lack merit, Petitioner cannot establish that appellate counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

V.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits

review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Based upon the foregoing discussion, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**, as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

                                                             s/Thomas L. Ludington  
                                                             THOMAS L. LUDINGTON  
                                                             United States District Judge

Dated: March 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Lawrence Duckett, #234843 at Florence Crane Correctional Facility, 38 Fourth Street, Coldwater, MI 49036 by first class U.S. mail on March 21, 2011.

                                         s/Tracy A. Jacobs  
                                         TRACY A. JACOBS